# $\mathfrak{Staunton}$

Town of Covington v. P. C. Driscoll, Treasurer, Etc.

September 11, 1946.

Record No. 3074.

Present, All the Justices.

The opinion states the case.

C. C. *Collins*, for the plaintiff in error.

*T. Moore Butler* and *R. B. Stephenson*, for the defendants in error.

HOLT, J., delivered the opinion of the court.

In this case the Town of Covington asks that a mandamus issue directed to the Treasurer of Alleghany county, ordering him to pay to it the town's share of the wine fund assessed under an act of the General Assembly approved March 25, 1944, Acts of Assembly, 1944, p. 407, Code, section 4675 (17a). The amount of its claim, $1245.07, is not in dispute; the right of the town to recover at all is.

For guide, we look to our statutes.

Under the ABC Act of 1934 certain net profits therefrom were paid over to the several counties, cities and towns of the Commonwealth. Code, section 4675 (16). No restrictions are placed upon these donees. They may use them for any proper purpose.

In 1944 it seemed desirable to enact certain provisions dealing with the proceeds of a wine tax. This wine tax bill originated in the Senate and was known as Senate Bill 168. In that form proceeds went without restriction to the counties, cities and towns of the Commonwealth—just as did proceeds from the original ABC Act.

. In the House an effort was made to amend this Senate bill and earmark this wine tax fund for the maintenance of public schools. It was overwhelmingly defeated. The reason therefor—if we are left to guess—is that its origin was tainted and that it was, as yet, unshrived.

After considerable discussion, by way of compromise with conscience, this amendment was adopted:

" * * * in those counties wherein is situated any incorporated town constituting a special school district, the county treasurer shall pay into the town treasury the proper proportionate amount received hereunder by him in the proportion that the population of such town bears to the population of the entire county and two-thirds of the tax hereby levied is appropriated for the purpose of distribution among the several counties and cities as is herein provided."

That is to say, the counties and cities of the Commonwealth had the same wide discretion in dealing with the

wine tax fund that they had over funds derived from the original ABC Act, with this exception: In any county in which there is an incorporated town constituting a special school district, the county treasurer must pay over to the town its proportion of this wine tax, in this instance amounting to 27.76% of the total amount paid over to the Treasurer of Alleghany county. This sum is based upon the proportion which the total population of the Town of Covington bears to the County of Alleghany and not upon their relative school populations.

Nothing is said about the use to which this fund is to be put. It may be given to public schools.

An act approved April 6, 1942, Code, section 653a2, provides in part as follows:

"Counties as school districts; special school districts.—For the purpose of representation each magisterial district shall, except where otherwise provided by law, constitute a separate school district, but for all other school purposes, taxation, management, control, and operation, the county shall be the unit, * * * "

" * * * All special school districts and special town school districts except the special school district for the town of Leesburg of Loudoun county and of Lexington of Rockbridge county and the town of Bedford of Bedford county which are hereby preserved, are expressly abolished, except the special town school district of Galax of Carroll county and Grayson county, which last mentioned district is hereby expressly retained as it exists at the present time; provided, however, that the town of Herndon and the town of Falls Church, of Fairfax county, and the town of Colonial Beach, of Westmoreland county, and incorporated towns having a population of not less than one thousand inhabitants, according to the last United States census, may, by ordinance of the town council and by and with the approval of the State Board of Education, be constituted separate school districts either for the purpose of representation on the county school board, or for the purpose of being operated as a

separate school district under a town school board of three members, appointed by the town council."

From this it appears that all magisterial districts are separate school districts and that towns having a population of a thousand inhabitants or more may by ordinance with the approval of the State Board of Education constitute separate school districts—either for the purpose of representation on the county school board or for the purpose of being operated as a separate school district unit with its own school board of three members appointed by the town council.

Special school districts, with unimportant exceptions, are expressly abolished.

Under Code, section 653a3, county treasurers pay over to the towns from the school fund a sum equal to the town's pro rata share apportioned by the average daily attendance of scholars.

Moreover, by stipulation it is agreed "that the town of Covington does not maintain or operate as a special school district."

This ordinance, approved by the State Board of Education, was passed May 7, 1935:

"An Ordinance Passed May 7, 1935, by the Covington Town Council."

"Be It Ordained by the Council of the Town of Covington, Virginia, that the incorporated Town of Covington, Virginia, be, and the same is, hereby constituted a separate school district for the purpose of representation on the Alleghany County School Board ,and the Clerk of the Council is hereby directed to send a copy of this ordinance to the State Board of Education for its approval.

"This ordinance to become effective at once and no publication shall be necessary.

Copy Teste:
J. G. Kyle,
Clerk of the Council."

Afterwards on May 26, 1945, this ordinance was adopted and approved:

"Creation of the Town of Covington as a Separate School District:

"The following ordinance of the town council of Covington was read:

" 'Be It Ordained by the Council of the Town of Covington, Virginia, that the incorporated Town of Covington, be, and the same is hereby constituted a separate school district for the purpose of representation on the Alleghany County School Board and the Clerk of the Council is hereby directed to send a copy of this ordinance to the State Board of Education for its approval.

"This Ordinance to become effective at once and no publication shall be necessary.

Copy Teste:

(Signed)  J. G. Kyle

Clerk of the Council.'

"Under authority of Section 653 of the school code, and in pursuance of the foregoing ordinance, the Board, by resolution, designated the Town of Covington as a separate school district for representation only.

"(Abstract from Minutes of the State Board of Education, May 23, 1935, recorded in Volume 6, page 181-182)

Dabney S. Lancaster

Secretary

State Board of Education."

The town contends that since special school districts have been abolished separate school districts were intended, and that this amendment to the statute of March 25, 1944, was inserted in the pious hope that a fund which it had dealt with as tainted would still be used for educational purposes. It is not so nominated in the bonds.  Covington was then neither a special school district nor a separate school district, beyond the fact that it was located in a magisterial district in Alleghany county and had been made a separate school district by appointment of a representative to the Alleghany County School Board, in terms, for representation only. Moreover, the distribution under the wine tax statute was made on the basis of population, while distributions to

separate school districts is based upon the average daily attendance of scholars. And that is not the basis upon which the petitioner now rests its claim. If we were to concede, for the sake of argument, that there was any confusion, that confusion is wiped away by an act of the Legislature approved February 27, 1946, Acts of Assembly, p. 76. We are there given a legislative definition to be applied to the term "special school district" and "separate school district," as used in preceding statutes. This statute of 1946 reads:

" * * * All amounts collected by the Board pursuant to the provisions of this section shall be promptly paid into the State treasury and credited to the general fund in the treasury and two-thirds of said amount shall be paid to the several counties and cities of the Commonwealth in proportion to their respective population, and in those counties wherein is situated any incorporated town constituting a special school district and operated as a separate school district under a town school board of three members appointed by the town council, the county treasurer shall pay into the town treasury the proper proportionate amount received hereunder by him in the proportion that the population of such town bears to the population of the entire county and two-thirds of the tax hereby levied is appropriated for the purpose of distribution among the several counties and cities as is herein provided."

Since special school districts have been abolished and since separate school districts, as defined in the act of February 27, 1946, to operate as independent educational units must be under the control of a town school board, the schools in Covington fall into neither class and have no direct claim, as such units, on this wine tax fund and no claim at all beyond that which all schools have in all the magisterial districts of Alleghany county. That claim is, at the most, but a moral one, for counties can use this fund as they please, and towns may so use it if they get it.

*Affirmed.*